## SUPREME COURT.

JAMES W. BLATCHFORD agt. ELMORE P. ROSS and others.

The *Merchants' Union Express Company* of the city of New York, by their articles of association, have no power nor authority to consolidate that company with any other, *without the consent of a majority of the stockholders.* Although the executive committee, and a majority of the trustees of that company, are authorized to amend the articles of association, they cannot make an amendment so as to authorize the consolidation of the company with any other, without the consent of a majority of the stockholders.

Where, however, under such an amendment of the articles of association, the company has been united with another express company, and the union substantially executed by a transfer of property, and by a large number of the stockholders of the former company, an injunction will not be retained to restrain the new company formed by the merger, from using the property transferred, or from receiving from any of the stockholders of the Merchants' Union Express Company, a surrender of the stock held by them to the new company, and a voluntary compliance of the terms of the agreement on their part

But in regard to the property not delivered, the injunction should continue, and the directors and executive committee be restrained from enforcing any compliance with such terms of consolidation by the plaintiff and other shareholders, who are not willing to become members of the new company, by collecting the assessments on the shares of the stock, or in any other manner, until the decision of the case.

It is no objection to the continuance of the injunction that the company which forms the consolidation and merger, and its stockholders severally are not made parties— That company is in no way interfered with by these proceedings.

The decision for the appointment of a *receiver* on the ground of misconduct of the executive committee of the Merchants' Union Express Company in voting for appropriations of money to themselves and others, was reserved until a receiver who had been appointed some time since in regard to the property of the company not involved in the consolidation of the company, should be made a party and appear and answer in this action under a previous order of the court.

*Special Term, February,* 1869.

MOTION to make an injunction permanent.

STRONG and SHEPARD, *for plaintiffs.*

SEWELL and PIERCE, GEO. F. COMSTOCK and C. A. RAPALLO, *for Merchants' Union Company.*

THEO. M. POMEROY, *for the Trustees Merchants' Union Co.*

HOOPER C. VAN VORST and JOHN K. PORTER, *for Consolidated Company.*

INGRAHAM, J. This action is brought to restrain the defendants, who are officers of the Merchants' Union Express Company, and that Company from carrying out a proposed union and merger of the company with the American Express Company, in the American Merchants' Union Express Company, and for the appointment of a receiver. An injunction was granted restraining them from making, carrying into effect, or completing any merger or consolidation of the Merchants' Union Express Company with any other company, restraining them from transferring any property to the new company or to any other company, and the new company from receiving any moneys or property from the other corporation, and from enforcing and collecting an assessment on the stock of the Merchants' Union Express Company, which was alleged to be for the purpose of carrying out such consolidation. The injunction also contained some other provisions which were afterwards modified so as not to interfere with the business of the new company during the litigation.

A motion is now made to make such injunction permanent during the pendency of this action. The main question as to the validity of the proposed consolidation depends upon the construction of the articles of association and the power of the executive committee in altering the same.

I have not been furnished with a copy of the original articles of the association, but I gather from the pleadings that the original articles of association did not allow the union or consolidation of the company with any other, without the consent of a majority of the stockholders. That these articles contain a clause providing for an amendment of the original articles by a concurrent vote of two thirds of the executive committee and a majority of the trustees. That by a concurrent vote of the committee and of the trustees, the ar-

ticles of association were amended so as to provide that the Merchant's Union Express Company might be merged into or consolidated with any other express company, on obtaining the written consent of a majority in interest of the stockholders.    That afterwards, by a similar proceeding, the articles of association were again amended so as to provide for such merger or consolidation, without requiring the previous consent of such majority of stockholders.    And that in pursuance of such amendment the consolidation of the American and Merchant's Union Express Companies was resolved upon by the trustees and executive committee without any knowledge or assent of the great body of the stockholders until after such resolution was adopted.

The authority to amend the articles of association gave no power to take away from the stockholders the power to prohibit the merger of the company with any other company, which they had expressly reserved for their own protection. Such authority to amend must be construed as intended for such amendments as were pertinent to the business and objects for which the association was organized.    As well might the executive committee, under the power of amendment, assume to change the business of the corporation to one entirely different from that for which it has been organized, as to terminate the existence of the association and merge it into another.    Such was not the object of the original articles, no such provision was contemplated, and to guard against it the stockholders had expressly provided that their consent should be necessary before any such change could be effected.    At any rate such were the views entertained by the executive committee when the consolidation was first thought of, and in the first amendment the consent of a majority of the stockholders was deemed necessary, but no amendment was contemplated inconsistent with, contrary to, or destructive of the main objects of the association, and when the executive committee so extended their power they exceeded their authority.

They had no authority by such a consolidation to bring the stockholders under the increased liability for the debts of another company, and expose them to " loss " which might not have existed before or which might follow from the introduction of a new company or association, and a surrender to such new company of all the property of the association. Thus in the case of private associations the unanimous voice of the stockholders was regarded necessary to change its provisions. (*Livingston* agt. *Lynch*, 4 *Johns. Chan. Rep.* 573), and even an act of the legislature was held insufficient to compel a change of business in a corporation from what was originally contemplated, without the consent of the stockholders. (*Hartford and New Haven Railroad Company*, agt. *Croswell*, 5 *Hill*, 383.)

In the case of *Church* agt. *Financial Corporations*, (5 *vol. Eng. Law Rep., Eq. Cases*, 450), it was held that an agreement for amalgamation with another company was not within the power of the directors, although the articles authorized the directors to amalgamate with any company formed to carry on any business included in the objects of the company, in a case in which an assessment was made upon its stockholders for the purpose of carrying out the amalgamation. In the *Imperial Bank of China* agt. *Bank of Hindostan*, it was held that under the provisions of act of 1862 (requiring assent of stockholders), an arrangement for the transfer of the business of the company to another, and providing for an assessment on the shareholders was not valid, and that assessment of the shareholders must be by all the members, (6 *vol. Eng. Law Rep., Eq. Cases*, 91). It is proper, however, to add that although the last two cases referred to are controlled by the provisions of a statute, somewhat differing from any statute in this state, the general principles in both cases may be well applied to the case under consideration.

Upon this branch of the case I think it is clear that the proposed merger of the company, in another, without the consent of the stockholders, is, as to those who do not agree,

utterly beyond the powers of the executive committee and directors, and if the union had not been substantially executed by a transfer of property, and by a large number of the stockholders, it should be enjoined until the final hearing of the case.

So far as the transfer of the property has been made no benefit will accrue to any of the parties to have the new company enjoined from its use, or from receiving from any of the stockholders of the Merchant's Union Express Company, a surrender of the stock held by them to the new company, and a voluntary compliance of the terms of the agreement on their part. If the stockholders who have not yet accepted of the terms so agreed on between these companies elect sc to do, and to become stockholders in the new company, there is no good reason for restraining them from so doing, but in regard to property not delivered, the injunction should be continued, and the directors and executive committee should be restrained from enforcing any compliance with such terms of consolidation by the plaintiff and other shareholders, who are not willing to become members of the new company, by collecting the assessments on the shares of the stock, or in any other manner until the decision of this case.

It is objected, however, to a continuance of this injunction that the Americon Express Company, and the stockholders severally are not made parties. That company is not in any way interfered with by these proceedings. Their stockholders are free to become members, and that company is not enjoined from any disposition of its property that may be desired by its managers. The interest of the company, if any, is so remote that it affords no grounds for relief to the plaintiff.

Nor is the want of making all the stockholders defendants a good objection. Where they are as numerous as they are in this case, it is not necessary. It is enough if some of the class are parties, who, on behalf of all, may either prosecute

or defend. The plaintiff here represents one class, and sues for himself and others who choose to come in, and who have not become stockholders in the new company,. The defendants represent the executive committee and directors, who are in favor of the union of the companies, and can litigate for the benefit of the other class. Even if it were otherwise, the means provided for bringing in other parties are such that relief by a temporaay injunction should not on that account be denied.

The other branch of this case relates to the appointment of a receiver. This is based mainly on the alleged misconduct of the executive committee in voting for appropriations of money to themselves and others for services at various times during the past two years, before and after the organization of the company. These votes are shown by extracts from the minutes of the committee, which at least exhibit very liberal appropriations of the money of the stockholders for their own benefit, large amounts of which are said to be for services prior to the organization of the company. The impropriety of voting such moneys to themselves for extra services is shown by the cases of (*Gardner* agt. *Ogden*, 22 *N. Y.*, 332, *and Butts* agt. *Woods*, 37 *N. Y.*, 317.) Thus, in April, 1866, $500 monthly was voted to each of the executive committee and others, which in August was increased to $700 monthly, to commence on January 1st, 1866. In April, 1867, $2,500 was voted to each member of the committee, as compensation for services rendered the company. In may, 1867, an advance was voted to Joslyn & Co. of $25,000 to protect the interests of the company from assaults made by other express companies, and in September, 1867, a further sum of $40.000. In May, 1866, $5,000 was voted to each member of the committee annually, which in September was reduced to 2,500. In October, 1867, $8,000 was voted to each member of the comittee for services for 1866 and 1867, and to be for ser-

vices in organizing the company. And in December, 1867, to each member of the executive committee and the attorney of the company $50,000 for services prior to the organiza tion of the company in devising ways and means by which the company might be formed, &c., upon condition that each member immediately invest the same in the stock of the company. In May, 1868, the last resolution was repealed, and the treasurer was directed to cancel the indorsement of $50,000 on the checks of the executive committee, in pursuance of the former appropriation, but whether the stock was or was not issued to the executive committee under that resolution does not appear. In May, 1868, a loan to C. T. Backus of $20,000, on his notes, for which no cause is stated in the resolution. In May, 1868, a resolution was passed directing the issue to two of the executive committee of 750 shares of stock, and to another of 500 shares, in consideration of their retiring from the executive committee, and as compensation for services, as promoters and origina tors of the company, in addition to compensation previously received.

These resolutions were all passed by the executive committee in their own favor, and it is claimed by the plaintiff, that such resolutions are void, and that a receiver is necessary to recover back the same for the benefit of the company. Of the impropriety of grants of such large sums for such purposes there can be little doubt, and in the condition in which this company, the Merchants' Union Express Company, is now placed, there could be no impropriety in deciding in favor of the appointment of such receiver.

A receiver was appointed some time since, in regard to the property of the company, not involved in the consolidation of the company with the new express company, and the plaintiff has an order allowing him to be made a party to this suit. The order restraining him from parting with any of the funds received by him will protect the plaintiff

Blatchford agt. Ross.

as fully as if a new receiver were now appointed, and it is but proper that he should be heard after he is brought in as defendant, before any order for a new receiver is made. For this reason therefore, I reserve any order on this branch of the case, until after the receiver has appeared and answered; the plaintiff may then renew such application in such way as he may be advised.

Objections have been made to the right of the plaintiff, to take these proceedings because he is the holder of stock purchased from one who had assented to the consolidation, and because he had delayed in bringing this action until after the consolidation was partially effected.

If this action was solely for the purpose of preventing the consolidation there would be force in these objections, but this action is for other purposes. Under the exception as to the consolidation as above suggested, those stockholders who are willing to do so, will be allowed to become stockholders in the new company, and their rights are not interfered with. As to the others they may have a right to claim from the remaining funds of the company their share of the interest they have in the stock, and to have the right of the appropriations heretofore referred to inquired into through a receiver. For such purposes those objections are in no way applicable in opposition to maintaining this action.

Nor is the want of parties as to the American Express Company, or the other stockholders, any ground of objection.

That company is only interested in carrying out the consolidation, and the same is not interfered with by the injunction, and the other stockholders are not necessarily parties, when they are so numerous, and when they are represented by sufficient of their class to defend the action on their behalf.

The injunction therefore is retained as originally modified, with the further modification in permitting such of the

stockholders as so claim to exchange their stock for that of the new company, and to pay the assessment thereon, and reserving any decision as to receiver, until after the present receiver shall be made a party, and shall file an answer in this action.